RECEIVED
IN MONROE, LA
DEC 10 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-30053-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL WILLIAMS | MAG. JUDGE KAREN L. HAYES |

### WRITTEN REASONS FOR COURT'S ORAL DENIAL OF MOTIONS

On November 20, 2007, Defendant Michael Williams ("Williams") filed two motions: Motion to Withdraw Guilty Plea [Doc. No. 109] and Motion to Withdraw as Counsel of Record and for Assignment of New Counsel ("Motion for New Counsel") [Doc. No. 110].

On November 27, 2007, the Government filed a memorandum in opposition to the motions [Doc. No. 112].

On December 3, 2007, the Court heard argument on the motions. After considering the statements and argument of the Government, Defendant, and Defendant's counsel, Carey Ellis ("Ellis"), the Court orally denied Defendant's motions. The Court hereby provides written reasons for the denial of the motions.

A.   **Motion to Withdraw Guilty Plea**

A defendant does not have an absolute right to withdraw his guilty plea, but the Court has the discretion to permit withdrawal before sentencing if the defendant can show a "fair and just reason." United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003); see also Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of establishing this fair and just reason. United

1

States v. Brewster, 137 F.3d 853, 858 (5th Cir. 1998).

The Fifth Circuit has instructed the Court to consider seven factors: whether (1) the defendant asserted his innocence, (2) withdrawal would cause the government to suffer prejudice, (3) the defendant delayed in filing the motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The Court must determine whether to exercise its discretion and permit withdrawal based on the totality of the circumstances. Brewster, 137 F.3d at 858.

In support of his motion, Defendant argued that he was incarcerated during a portion of the time of the conspiracy, and, thus, he contends that it is unfair for him to be held accountable at sentencing for the unlawful conduct of others during his period of incarceration. While he admits that he is not entirely innocent, he also argues that he was working as a state agent at the time he distributed some of the drugs at issue.

In response, the Government argues that Defendant has no legal basis for withdrawing his guilty plea. The Government points out that in a drug conspiracy conviction a defendant can be held liable for foreseeable acts of the conspiracy, even if the particular co-defendant does not commit each and every act of the conspiracy. Even if Defendant was incarcerated for a few months during the time frame of the conspiracy, he is only being held liable for his acts committed outside of the incarcerated period.

Additionally, the Government states that Defendant was not an informant for the State at the times he distributed the drugs set forth in the Indictment. Specifically, the evidence shows that Defendant was the seller who distributed crack cocaine to the FBI undercover agent and

2

confidential informant on the seven dates as set forth in the Indictment.

The Court declines to exercise its discretion to allow withdrawal of Defendant's guilty plea. Defendant does not contend that he is completely innocent of the crime charged. Rather, his real concern is with his sentence: whether he should be held accountable for the relevant conduct of his co-conspirators and whether he should not be held accountable for some of the drug transactions because he was working as an agent for the State.

At his guilty plea hearing before Magistrate Judge Hayes, Defendant was informed that "at trial you would be presumed to be innocent and . . . the government would have to overcome that presumption and prove you guilty by competent evidence and beyond a reasonable doubt, and you would not have to prove that you are innocent." [Transcript of June 21, 2007 Hearing ("Transcript"), p. 9]. Defendant stated that he understood. Magistrate Judge Hayes also explained to Defendant that he had been charged with conspiracy to distribute over 50 grams of cocaine base or crack and the elements of that offense. [Transcript, p. 13]. Defendant again indicated that he understood. Defendant further stated, in his own words, that he was "charged with conspiracy to transport knowingly and willingly 50 grams or more of crack cocaine." [Transcript, p. 14]. He admitted that he "conspire[d] with others to distribute over 50 grams of cocaine base or crack as shown in the indictment." [Transcript, p. 20]. FBI Agent Greg Adams testified that crack was purchased from Defendant. [Transcript, p. 21]. Defendant did not dispute Agent Adams' testimony. [Transcript, p. 22].

With regard to the sentence that might be imposed, Magistrate Judge Hayes explained the minimum and maximum penalties applicable to Defendant's offense. She discussed his plea agreement with him. Finally, she explained to Defendant that "if your sentence is more severe

3

than you expected, you will still be bound by your plea and will have no right to withdraw it." [Transcript, p. 19].

Applying the Carr factors and under the totality of the circumstances, the Court concludes that Defendant has not met his burden of producing a fair and just reason for the withdrawal of his guilty plea. Defendant's motion was not made until after his sentencing had been continued once, almost six months after his guilty plea hearing, and well after the completion of his presentence investigation report. During all stages of these proceedings, Defendant had assistance of counsel available. From the colloquy and the record in this case, Defendant's original plea was knowing and voluntary. The Government would suffer at least some prejudice from being forced, a year later, to bring a case to trial with several witnesses, including cooperating co-defendants, and over several days because this was a five-defendant drug conspiracy Indictment spanning several years.

Accordingly, Defendant's Motion to Withdraw his Guilty Plea was denied by the Court.

**B.  Motion for New Counsel**

Defendant also moves the Court to allow his counsel to withdraw and to obtain the appointment of other counsel.

The decision to allow an attorney to withdraw from representing a client is within the discretion of the district court. United States v. Wild, 92 F.3d 304 (5th Cir. 1996). In presenting a motion to withdraw, an attorney must detail specific reasons as to why the motion should be granted. Id. at 307. The district court, in considering these reasons, should also consider whether withdrawal would work an injustice or cause undue delay in the proceeding. See People v. McCracken, 39 Cal.2d 336 (1952).

4

Defendant contends that his decision to plead guilty "was not fully informed considering the information and advice of his counsel" and that another counsel would have investigated his case "more thoroughly" and would have found that he was incarcerated for a period of time during the conspiracy and that he was acting as an agent of the State when he distributed some of the drugs in question.

Having heard from Defendant and Ellis and having reviewed the transcript of Defendant's guilty plea hearing, the Court concludes that granting the Motion for New Counsel at this point in the proceedings (after two continuances of the sentencing hearing date) could possibly work an injustice against Defendant and would unduly delay the proceedings. The Court notes for the record that counsel appears to have acted appropriately on behalf of Defendant[1] with one exception.

Ellis admitted at the December 3, 2007 hearing that he failed to present Defendant with the pre-sentence investigation report in a timely manner. However, Ellis has now presented the report to Defendant, the Court has continued the sentencing hearing, and Defendant has reviewed the report. Defendant has the opportunity to object to the United States Probation Office's findings prior to sentencing if he wishes. Further, if Defendant had acted as an agent of the State, he certainly knew that information prior to his guilty plea and chose to plead guilty after being informed of all his rights and hearing the testimony of Agent Adams.

---

[1] Notably, Defendant pled guilty at a hearing with his Co-Defendant, Theodore McGowan, who was also represented by counsel, Betty Marak. Certainly, McGowan and his counsel were concerned with his own representation, but Co-Defendants had available two attorneys to hear and review the plea colloquy, as well as the plea agreements.

Therefore, the Motion for New Counsel was also denied by the Court.

MONROE, LOUISIANA, this __10__ day of __December__, 2007.

                                                ROBERT G. JAMES
                                  UNITED STATES DISTRICT JUDGE

6